JACOB BLUM, complainant-respondent,

*v.*

JULES ARFIELD, individually and as guardian of Franklin B. Arfield, an infant, and FRANKLIN B. ARFIELD, defendants-appellants.

[Argued February term, 1948. Decided May 13th, 1948.]

420

· *Messrs. Lloyd, Horn & Perskie* (*Mr. David M. Perskie*, of counsel).

*Mr. Irving I. Jacobs,* for the defendants-appellants.

The opinion of the court was delivered by

EASTWOOD, J.

The sole issue before this court is whether the learned Vice-Chancellor erred in refusing to strike the bill of complaint and to dissolve an *ad interim* restraint against the prosecution of ejectment proceedings for the lands involved in the litigation.

In brief, the bill alleges that the complainant, Jacob Blum, conveyed certain lands and premises described in the bill to his daughter, Amelia Arfield, by deed dated October 20th, 1937, for which no consideration is alleged to have been paid; that the conveyance did not constitute a gift and that Amelia Arfield received title in trust for her father; that in support of the trust relationship, it was alleged that complainant-respondent had at all times from the date of the transfer to his daughter, Amelia Arfield, up to and including the date of the filing of the bill collected all rents from the said premises and other increments therefrom and paid all the carrying charges thereon. Subsequently, on February 8th, 1945, Amelia Arfield died intestate leaving her husband, the appellant Jules Arfield, and an infant son, the appellant Franklin B. Arfield, surviving her. On August 14th, 1947, ejectment proceedings were instituted by the appellant Jules Arfield, individually and as guardian of his minor son, Franklin B. Arfield, against the respondent. The complainant-respondent thereupon filed the present bill for the purpose of establishing a trust in the lands in question in his favor and to restrain the prosecution of the ejectment suit.

The learned Vice-Chancellor refused to strike the bill of complaint on the ground that:

"An examination of the bill of complaint discloses sufficient facts to give rise to a constructive trust. The circumstances are sufficient to indicate the absence of an intention

to vest the beneficial interest in the lands involved in Amelia Arfield and may, if properly sustained by proof on final hearing, give rise to an equitable duty to convey to complainant."

We are in accord with the result reached by the court below. We do not, however, approve of the language adverted to by the Vice-Chancellor quoted above and relied upon by him in refusing to strike the bill. In our opinion the bill should have been held for final hearing under the well-established rules of decision. As we said in *Mannion* v. *Greenbrook Hotel, Inc., 138 N. J. Eq. 518; 48 Atl. Rep. (2d) 888:*

"Fundamentally and traditionally, those who invoke the aid of a court of equity should be afforded the opportunity to be fully and completely heard if there is any reasonable probability that a denial of that privilege might unjustly and inconsiderately deprive them of the preventive or remedial aid of the court. And so, the power to grant or to deny motions to strike bills in Chancery has been entrusted to the sound discretion of the Chancellor. *National Home, &c., Inc.,* v. *New York Sash, &c., Inc., 135 N. J. Eq. 150; 36 Atl. Rep. (2d) 894."*

With all the facts, the court can make a decree, in accordance with the equities.

The order is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 12.

*For reversal*—None.